IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MAXWELL JOHNSON,                                      **OPINION & ORDER**

                              Plaintiff,              Civ. No. 6:24-cv-00876-A

              v.

WALE APPARATUS CO., INC., a
Pennsylvania corporation; PRECISION
COLORED GLASS; CORNING, INC.;
MOMKA'S GLASS; and FEDEX,

                              Defendants.

_____

AIKEN, District Judge:

    In this diversity action, Plaintiff Maxwell Johnson brings negligence and product liability claims against Defendants Wale Apparatus Co., Inc.; Precision Colored Glass; Corning, Inc.; Momka's Glass; and Federal Express. *See* First Am. Compl. ("FAC"), ECF No. 19. Plaintiff voluntarily dismissed Defendant Momka's Glass. *See* ECF Nos. 53, 54. Both Federal Express and Corning, Inc. have motions pending before the Court. ECF Nos. 36, 37, and 43. For the reasons explained below, the Court lacks subject matter jurisdiction to adjudicate the case. Accordingly, the case is REMANDED to Lincoln County Circuit Court.

## BACKGROUND

    On March 6, 2022, Plaintiff, an Oregon citizen, alleges that his hand was injured when he unloaded a shipment of glass rods that "had dangerous sharp ends

Page 1 – OPINION AND ORDER

formed on them." FAC ¶¶ 10, 11.  Plaintiff alleges that "[he] had expected all the rods to have flat ends in compliance with the advertised photographs as well as [P]laintiff's prior experience having ordered and received glass rods in the past." *Id.* ¶ 11.  Plaintiff alleges that, as a result, "[he] has suffered permanent injuries resulting in pain, embarrassment, emotional distress, loss of enjoyment of normal activities and recreation[.]" *Id.* ¶ 13.

Plaintiff filed this case in Lincoln County Circuit Court, Oregon.  *See* Compl., ECF No. 1.  Defendant United Parcel Service, Inc. ("UPS") removed the case to federal court.  *Id.*  Plaintiff then amended his complaint to remove UPS and to add four new defendants—Precision Colored Glass, Corning, Inc., Momka's Glass, and Federal Express.  *See* FAC ¶¶ 2–7.

## LEGAL STANDARD

As courts of limited jurisdiction, federal courts are empowered to hear only cases that are either (1) within the judicial power of the United States, as defined in the Constitution, or (2) entrusted to them by statute.  *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007).  A federal court may exercise either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1331 confers federal question jurisdiction to adjudicate "civil actions arising under the Constitution, laws, or treaties of the United States[.]"  28 U.S.C. § 1331.  Diversity jurisdiction is conferred by Article III of the Constitution, which provides that "[t]he judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States[.]"  U.S. CONST. art. III, § 2.

Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the opposing parties be completely diverse. 28 U.S.C. § 1332(a). Complete diversity exists where each plaintiff to an action is a citizen of a different state than each defendant to that action. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

"Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* at 514; *also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Plaintiff alleges that he is an Oregon resident. *See* Complaint ¶ 4 ("At all material times, [P]laintiff Maxwell Johnson was an individual living in Otis, Oregon in Lincoln County."). The FAC also alleges that Plaintiff sustained his injuries "on March 6, 2022 in Otis, Oregon in Lincoln County[,]" FAC ¶ 1, and that "[P]laintiff was in Otis Oregon in Lincoln County unloading a shipment of glass rods" when he incurred the injury, *id.* ¶ 10. However, the FAC also states that "Plaintiff Maxwell Johnson has at all material times resided in Otis Washington." FAC ¶ 7. The FAC

likely contains a scrivener's error.  The Court takes judicial notice that there is no town of Otis in the state of Washington.  "[A] court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

When Plaintiff filed his original complaint in Lincoln County Circuit Court, there was complete diversity of citizenship between Plaintiff and each of the Defendants.  Defendant UPS then removed the case to federal court.  After removal, Plaintiff engaged in discovery and discovered several new Defendants, including Precision Colored Glass, a citizen of Oregon.  FAC ¶ 4 ("Precision Colored Glass is a for profit corporation operating out of Portland Oregon.").  Plaintiff then amended his complaint for the first time and added the new Defendants.  *See id*. ¶¶ 2–7.  The addition of Defendant Precision Colored Glass means that the parties are now not completely diverse because Plaintiff and Precision Colored Glass are both citizens of Oregon.

The Court no longer has diversity of citizenship jurisdiction of this case.  And Plaintiff alleges only state law claims, so the Court may not exercise federal question jurisdiction either.  The Court, thus, lacks subject matter jurisdiction to adjudicate the case and may not consider Defendants' pending motions, ECF Nos. 36, 37, and 43.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Accordingly, the Court remands this case to Lincoln County Circuit Court.

## CONCLUSION

This case is REMANDED to Lincoln County Circuit Court.

It is so ORDERED and DATED this __30th__ day of January 2026.


 /s/Ann Aiken
_____
ANN AIKEN
United States District Judge